**In re Billy Jack STEWART, or Bill J. Stewart, or B. J. Stewart, Debtor.**

**Ward HUDDLESTON, Jr., Trustee, Plaintiff,**

v.

**Patricia CASTLE and Linda Fletcher, Defendants.**

**Bankruptcy No. 3–81–00094.**
**Adv. No. 3–81–0730.**

United States Bankruptcy Court, E. D. Tennessee.

June 29, 1982.

Ward Huddleston, Jr., Kingsport, Tenn., for plaintiff.

J. Stephen Fanduzz, Johnson City, Tenn., for defendants.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding, the plaintiff trustee attempts to recover two separate payments made to the defendants, Patricia Castle and Linda Fletcher, in the amount of $12,996.90 each. The plaintiff contends that the payments are transfers which are

voidable preferences under 11 U.S.C. § 547(b).[1] In addition, the plaintiff contends that the payments represent fraudulent transfers which may be avoided by the plaintiff, as trustee, pursuant to 11 U.S.C. § 548(a)(2).[2]

## I

On February 11, 1978, the debtor's father, W. C. Stewart, a resident of Sullivan County, Tennessee, died testate. Under the terms of the will, the debtor was named executor of his father's estate, and on March 14, 1978, Letters Testamentary were granted. W. C. Stewart was survived by three children: Bill J. Stewart, the debtor, and Patricia Castle and Linda Fletcher, who are the remaining defendants herein.[3] The will of W. C. Stewart provided that his estate was to be divided equally among his three children. However, Stewart's second wife, Gladys Garland Stewart, contested the will. That contest was resolved in the fall of 1980.

In his capacity as executor, Bill J. Stewart, liquidated his father's estate and accumulated cash proceeds. Thereafter, Stewart, as executor, loaned money from his father's estate to Mall Auto and Trailer Sales, Inc., a corporation wholly owned by him. These loans were evidenced by a series of notes executed by Mall Auto and Trailer Sales, Bill Stewart, President, and co-signed by Stewart in his individual ca-

pacity. These notes reflect that Stewart individually pledged one hundred (100) shares of stock of the J. T. Parker Insurance Company, a company of which he was a one-third owner, as collateral. Stewart, however, had previously pledged this stock to the First National Bank of Sullivan County, which actually held the certificates.

On December 12, 1980, Stewart sold the Parker Insurance stock for approximately $125,000. From the proceeds of this sale, he paid $90,000 to the First National Bank of Sullivan County and $6,056.46 to Parker Insurance Company. Stewart received the balance of the funds in the form of a cashier's check. The receipt of this check was entered in the "W. C. Stewart Estate Cash Log Journal." Two cashier's checks were then obtained in the amount of $12,996.90 each—one payable to Linda Fletcher and one to Patricia Castle.

On January 19, 1981, United Security Bank of Mount Carmel, a creditor of Bill J. Stewart, filed an involuntary bankruptcy petition against Stewart. On April 23, 1981, an order for relief was entered. Ward Huddleston, Jr. was appointed trustee, and he subsequently initiated this adversary proceeding, asserting that the payments to Patricia Castle and Linda Fletcher of $12,996.90 each represent voidable preferences pursuant to 11 U.S.C. § 547 and fraudulent transfers under 11 U.S.C. § 548.

---

1. ... the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
      (A) on or within 90 days before the date of the filing of the petition;

   .    .    .    .    .

   (5) that enables such creditor to receive more than such creditor would receive if—
      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

2. The trustee may avoid any transfer of an interest of the debtor in property, or any obli-

gation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

   .    .    .    .    .

   (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
   (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; .... 11 U.S.C. § 548(a)(2).

3. An Order of Dismissal, with prejudice, resolving all controverted matters between the Trustee and the First National Bank of Sullivan County was entered on February 12, 1982. An Agreed Judgment was entered on the same date documenting the settlement of the controversy between the plaintiff and J. T. Parker Insurance Agency.

The defendants insist that the payments were their share of the final distribution of their deceased father's estate. According to the defendants, the trustee has failed to show the existence of a debtor/creditor relationship between the debtor and the defendants. The defendants also insist that, under the facts and law of this case, no fraudulent transfer is involved.

## II

■ A trustee in bankruptcy may avoid a transfer of the debtor's property to or for the benefit of a creditor and for or on account of an antecedent debt owed by the debtor before the transfer was made, if the transfer was made while the debtor was insolvent and within 90 days [4] of the filing of the bankruptcy petition. 11 U.S.C. § 547(b).

In the present case, the plaintiff has failed to establish that the property which he seeks to recover was transferred "to or for the benefit of a creditor ... for or on account of an antecedent debt owed by the debtor ...." The plaintiff simply has not proved that Stewart was indebted to the defendants on the date of the transfer other than in his capacity as executor of the estate of W. C. Stewart. The plaintiff's requested relief under § 547 must be denied.

## III

■ Section 548(a) permits the trustee in bankruptcy to avoid a transfer of an interest of the debtor in property made or incurred within one year before the filing of the bankruptcy case, if the debtor-transferor received less than "reasonably equivalent value" for the transfer. Value is defined as "property, or satisfaction ... of a present or antecedent debt of the debtor ...." 11

U.S.C. § 548(d)(2)(A). Additionally, the debtor must either have been insolvent on the date the transfer was made or he must have become insolvent as a result of the transfer. 11 U.S.C. § 548(a)(2), (B)(i). Therefore, if the debtor in the instant case received less than reasonably equivalent value for the transfer of $25,993.80 to the defendants, the relief sought by the plaintiff must be granted, assuming *arguendo* that an interest of the debtor in property was involved in the payments to the defendants.

Beginning in August of 1978, Bill J. Stewart executed a series of notes as president of Mall Auto Sales. The notes were also co-signed by Bill Stewart, thereby creating personal liability on his part. The notes were given to the estate of W. C. Stewart in exchange for loans to Mall Auto and Trailer Sales in the total amount of $47,323.09.[5] Thus, the debtor did receive consideration from the estate in excess of the amount of $25,993.80 which he transferred to the estate.

The journal for the estate of W. C. Stewart contains an entry dated December 12, 1980, reflecting the receipt of $28,526.09. The entry indicates that the funds represent "Loans—Cash Payment On."

The journal also contains two entries dated December 13, 1980. One reflects a payment in the amount of $12,996.90 to the defendant Patricia Castle, whereas the second entry reflects a payment in the identical amount to the defendant Linda Fletcher. The cashier's checks whereby these payments were made reflected that the payment was from "Bill J. Stewart." The cashier's checks should have reflected that they were from "Bill J. Stewart, Executor of the Estate of W. C. Stewart," according to the debtor's testimony at the trial. It follows that the plaintiff may not avoid the

---

4. If the creditor-transferee is an "insider," as defined in 11 U.S.C. § 101(25), the period of time is one year as opposed to 90 days.

5. The date of each note and the amount received is shown as follows:

| | |
|---|---|
| August 10, 1978 | $ 5,000.00 |
| January 25, 1980 | 1,200.00 |
| June 30, 1980 | 15,000.00 |
| October 1, 1980 | 8,852.79 |
| October 13, 1980 | 3,200.00 |
| October 16, 1980 | 1,750.00 |
| November 3, 1980 | 2,920.30 |
| November 7, 1980 | 4,000.00 |
| November 14, 1980 | 5,400.00 |

payments to the defendants, Patricia Castle and Linda Fletcher.

In summary, the payments to the defendants are neither voidable preferences nor fraudulent transfers. The debtor, in his capacity as executor of his father's estate, loaned money to his wholly-owned corporation and executed notes in consideration of these loans. The notes were secured by an unperfected interest in the debtor's stock in the J. T. Parker Insurance Company.[6] Nonetheless, the payments are not voidable as preferential because there was no debtor-creditor relationship between the individual debtor and the defendants. The payments are also non-fraudulent because a value in excess of "reasonably equivalent value" was given in consideration of the payments (i.e. the loans from the proceeds of the decedent's estate to the debtor's corporation).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**6.** The stock certificates are instruments as defined in T.C.A. 47–9–105(g). A party may perfect an interest in instruments only by possession, except as provided in T.C.A. 47–9– 304(4) and (5). T.C.A. 47–9–304(1). The First National Bank of Sullivan Co. had possession of the stock certificates.